23-6008
United States v. Thomas

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-four.

PRESENT:
JON O. NEWMAN,
JOSÉ A. CABRANES,
MYRNA PÉREZ,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                          No. 23-6008

GLADIMIR THOMAS,

*Defendant-Appellant.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

1

FOR APPELLEE:                          Anthony Bagnuola, Erin M. Reid, Assistant
United States Attorneys, of counsel, *for* Breon
Peace, United States Attorney for the Eastern
District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:              Elizabeth A. Franklin-Best, Elizabeth Franklin-
Best, P.C., Columbia, SC.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Gladimir Thomas stands convicted after a jury trial of sex trafficking, sex-trafficking conspiracy, and promoting prostitution. He appeals his conviction, arguing that the evidence of conspiracy was insufficient, that the district court made several evidentiary errors, and that the district court mishandled a mid-deliberation juror inquiry. We conclude that the evidence of conspiracy was legally sufficient and that any other errors were harmless beyond a reasonable doubt. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, and recount them only as necessary to explain our decision.

We review de novo the district court's conclusion that the evidence was sufficient to support Thomas's conviction for sex-trafficking conspiracy. *United States v. Taylor*, 816 F.3d 12, 22 (2d Cir. 2016). Thomas argues that the evidence at trial showed that he and his brother were competitors rather than co-conspirators. But even assuming that were so, there was also ample evidence that Thomas had conspired with his wife. This evidence alone is sufficient to sustain his conviction on the conspiracy count.

Thomas also asserts several evidentiary errors, which we review for abuse of discretion, *United States v. Nektalov*, 461 F.3d 309, 318 (2d Cir. 2006). Whatever the merits of these

arguments, we conclude beyond a reasonable doubt that any such errors would be harmless, individually or cumulatively. Thomas's conviction was virtually guaranteed, if not by the weight of the evidence against him, then by his concessions at trial. He conceded through his counsel that he was guilty of promoting prostitution, and he never disputed that he (at a minimum) enticed or encouraged the victim to perform commercial sex work from which he made money. He also conceded—in fact, his principal theory relied on—his brother's violence toward the victim and Thomas's protecting the victim from that violence. As discussed, there was also ample evidence that he worked together with his wife, if not his brother, to earn money from the victim's work. In short, he offered a virtual concession on nearly every element of each count. Where an element was not conceded, the evidence supporting it went mostly undisputed. As a result, even if all of the district court's evidentiary rulings had gone his way, we are certain beyond a reasonable doubt that the jury's verdict would have been the same. *See United States v. Johnson*, 117 F.4th 28, 41 (2d Cir. 2024).

Finally, Thomas argues that the district court committed plain error by not questioning jurors who sent a note during deliberations. Whether or not the district court followed the proper procedure, we conclude that any error was harmless for the reasons already discussed. In light of the overwhelming evidence of guilt, we are convinced beyond a reasonable doubt that the district court's handling of this particular note made no difference to the verdict. Thomas has therefore failed to show plain error. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

\* \* \*

3

We have considered Thomas's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court